**WO**                                                                                               BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Ramon Beltran-Lugo,  )  <br>            Plaintiff,           ) <br> vs.                                  ) <br>                                       ) <br> ABF Freight System, Inc., et al., ) <br>            Defendants.        ) <br> _____ ) | No. CV 05-3246-PHX-SMM (DKD) <br><br> **ORDER** |

Plaintiff Jose Ramon Beltran-Lugo, currently confined in the United States Penitentiary Victorville in Adlenato, California, filed a *pro se* Complaint alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff seeks to recover damages as a result of a motor vehicle accident. Plaintiff has pre-paid the $250.00 filing fee.

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The Court is ordinarily required to screen civil complaints brought by prisoners and must dismiss the complaint or any portion thereof if the plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. The authority to screen prisoner cases derives from three statutory sources: 28 U.S.C. § 1915(e)(2) (*in forma pauperis* statute); 28 U.S.C. § 1915A (prisoner case screening statute); and 42 U.S.C. § 1997e(c) (Civil Rights of Institutionalized Persons Act).

None of these screening provisions, however, appear to apply to this action. The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), does not apply because Plaintiff has prepaid the filing fee and is not proceeding *in forma pauperis*. The prisoner case screening statute, 28 U.S.C. § 1915A, does not apply because, although Plaintiff is a prisoner, he does not "seek redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Finally, the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, does not apply because the action is not "brought with respect to prison conditions." 42 U.S.C. § 1997e(c)(1). Accordingly, the Court will not screen Plaintiff's Complaint *sua sponte*.

**IT IS THEREFORE ORDERED**

(1) That Plaintiff shall serve copies of the Summons, Complaint and this Order on each of the Defendants within one hundred and twenty (120) days of the filing of the Complaint. Fed.R.Civ.P. 4(c)(1), (m). Plaintiff shall serve each Defendant or obtain waiver of service pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff should take notice that if he does not properly serve the Summons and Complaint on each of the Defendants within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Practice 2.12(b)(3)(B)(i).

(2) That Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(3) That a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the

1 District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this
2 requirement may result in the pleading or document being stricken without further notice to
3 Plaintiff.

4     (4) That at all times during the pendency of this action, Plaintiff shall immediately
5 advise the Court of any change of address and its effective date. Such notice shall be
6 captioned "Notice of Change of Address." The notice shall contain only information
7 pertaining to the change of address and its effective date. The notice shall not include any
8 motions for any other relief. Failure to file a Notice of Change of Address may result in the
9 dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
10 of Civil Procedure.

12     DATED this 23rd day of November, 2005.

15     _____
16     Stephen M. McNamee
    Chief United States District Judge

TERMPSREF

- 3 -